John Milwain, Plaintiff in Error, *vs.* N. S. Sanford, Defendant in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

The delivery of a promissory note for materials furnished for a building, does not destroy the lien which the payee would have had, had the note not been given, so long as the note remains in the hands of the person furnishing the materials.

Errors committed by the Clerk of the District Court, in the taxation of costs and the assessment of damages, whether by miscalculation of figures or the erroneous application of principles of law, must be passed upon by the Court below on motion, before this Court will entertain jurisdiction thereof.

The following are the points and authorities relied on by the Counsel for the Plaintiff in Error:

*First.*—That the Court below had no jurisdiction, there being no proper summons served upon the Plaintiff in Error.

*Second.*—That the Court below erred in decreeing that the amount due from the Plaintiff in Error, to the Defendant in Error, should be a lien on the premises described in their complaint, the Defendant in Error having settled his demand against the Plaintiff in Error, and taken a note in full payment of his account for materials and lumber furnished.

*Third.*—That the Court below erred in not requiring the Defendant in Error to cancel the note given on said settlement.

*Fourth.*—The Court below erred in decreeing the payment of interest upon the promissory note mentioned at a greater rate than seven per cent. per annum after maturity, there being no amount or rate of interest stipulated for in said note.

*Fifth.*—That the Court below erred in rendering judgment for any amount, there being no competent or other proof authorizing it. At most they were only entitled to enter judgment without lien, for the sum called for by the note, and that contains no contract for interest before maturity, and of course carries none afterwards.

*Sixth.*—That the judgment of the Court below was irregular and void, for the reason that no application was made to the Court for judgment, as is contemplated by the statute. *Authorities—Art.* 6, *Sec.* 14, *Constitution ; Statutes of Minn.,* *p.* 150, *Sec.* 2; *Mason & Craig vs. Flint & Co.,* 2 *Minn.* *R.* 350.

The following are the points and authorities relied on by the Counsel for the Defendant in Error:

*First.*—A writ of error to a Court of review upon judgment by default in an inferior Court will not lie, and should be dismissed. *Colden vs. Knickerbocker,* 2 *Cowen* 31; *Alexander vs. Hayden,* 2 *Miss.* 311; *Lord vs. Pierce,* 33 *Maine* (3 *Red.*) 350; *Case vs. Coolwood,* 24 *Miss.* 256; *Horn vs. Grayson,* 7 *Post* 270; *Neely vs. The Planters' Bank,* 4

*Smede & M.* 113; *Robinson vs. Sheppard*, 8 *Miss.*, 136; *Martin vs. Hogan*, 8 *Miss.* 505; *Banfield vs. Impron*, 1 *Smede & M.* 326; *Bemando vs. Langdon*, 7 *Miss.* 476; *Cox vs. Field*, 1 *Green* 215; *Pendleton vs. United States*, 2 *Brock*, 75; *Williams vs. Shepard*, 1 *Green* 76; *Talbot vs. Milton*, 9 *Smede & M.* 9.

*Second.*—It does not appear from the records in the case, upon what evidence the damages were assessed, or the amount ascertained in the Court below, and therefore this Court cannot determine whether the same were assessed correctly or otherwise.

Murray & King, Counsel for Plaintiff in Error.

Sanborn, French & Lund, Counsel for Defendant in Error.

*By the Court*—Flandrau, J.  The mere giving a note for material furnished for a building does not destroy the lien which the person furnishing the materials would have had, had the note not been given.  So long as the note remains in the hands of the person furnishing the articles, it is a mere adjustment of the amount due, and a written instead of a verbal promise to pay it.

The question of whether the Clerk erred in the assessment of the Plaintiff's damages on the default cannot be reviewed in the first instance by writ of error to this Court.  The Defendant, if he was dissatisfied at the rule adopted, should have moved the Court below for a reassessment.  See *Babcock & Hollinshead vs. Sanborn & French*, decided at this term.

The judgment is affirmed and the case remanded to the District Court.

Emmett, C. J., dissents to that part of the decision which refuses to review the assessment of damages on a judgment by default.